(19 Misc. Rep. 625.)

## McCORMACK v. BARTON et al.

(Supreme Court, Appellate Term, First Department.   March 25, 1897.)

RES JUDICATA—ISSUES INVOLVED.
   The liability of one of two partners for a firm debt is not determined by
   a judgment in his favor rendered in an action brought against him alone,
   though he pleaded accord and satisfaction, and testified that he had paid
   plaintiff a certain sum in full of plaintiff's claim against him, but did not
   show a release as required by Code Civ. Proc. § 1942.

Appeal from Fourth district court.

Action by Frank McCormack against Egbert G. Barton and Jeremiah H. Griffen.   There was a judgment in favor of defendant Barton, and plaintiff appeals.   Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles H. Smith, for appellant.

Charles B. Mason, for respondents.

DALY, P. J.   The plaintiff sued the defendants as co-partners, pleading orally: "At their request, about August 17, 1895, plaintiff performed work, balance due, $114.50."   The defendant Barton alone was served with the summons, and he answered orally, pleading a "general denial, res adjudicata, payment, release, and accord and satisfaction."   It appears from the evidence on the record before us that the plaintiff brought a former action against the defendant Barton alone, "for work, labor, and services rendered on August 17, 1895, at Belleville, Canada, at his request," as appears by the testimony on that trial, which is a part of the present record.   From the identity of the dates, and the circumstance that the defendant claimed on that trial that it was a partnership affair, and from the plea of res adjudicata, it may be inferred that the plaintiff attempted to collect from the defendant Barton in that action the partnership debt sued for in the present one.   Judgment was rendered in his favor in that action. The minutes of that trial contained the following statement:   "Judgment rendered for defendant on the ground of payment, accord and satisfaction between the parties, a settlement having been had, in the opinion of the court."   This decision was based upon the testimony of Barton that the plaintiff had agreed with him to take and had received from him $74.50 for his entire claim against Barton individually.   No release, as required by the Code (section 1942), was shown. After the rendition of that judgment, the plaintiff commenced the present action against Barton and Griffen as co-partners, and proved his employment by them, and the defendant Barton gave substantially the same testimony as to the individual settlement by him with the plaintiff, and the minutes of the trial conclude as follows:   "Judgment again rendered for the defendant upon the testimony in the previous trial and the testimony on this trial, because the court believes Mr. Barton's version that he paid the sum of $74.50 in full settlement."   No release, as required by the Code upon a settlement with one of two joint debtors, was proved on this trial.   Where one co-partner desires to make a separate composition with his creditor, he may do so upon complying with the provision of the Code (section

1942). "The creditor must execute to the compounding debtor a' re-
lease of the indebtedness, or other instrument exonerating him there-
from.    A member of a partnership cannot thus compound for a part-
nership debt until the partnership has been dissolved by consent or
otherwise.    In that case the instrument must release or exonerate
him from all liability incurred by reason of his connection with the
partnership." As it was not shown that the defendant Barton ob-
tained such a release or exoneration from the plaintiff McCormack
when the individual settlement was had, he still remained liable for
the whole co-partnership debt in any action to recover it.    The judg-
ment in his favor in the first action establishes nothing against the
plaintiff as to the merits of the claim, because, being brought against
Barton individually for a partnership debt, the latter was entitled to
judgment in his favor.    The record of that judgment is not before us,
although we have an extract from the minutes of the trial giving a
different ground for the decision of the justice; but he did not consider
that decision as conclusive, because on the trial of the second action,
which was also had before him, he permitted the same issue as to the
individual composition by Barton to be litigated over again, and gave
judgment upon the merits upon the testimony in the two trials, disre-
garding the judgment in the first action, which he evidently deemed,
and very properly, to be no bar to the second.    The plaintiff's first·
action against one co-partner alone was properly disposed of by judg-
ment in favor of the latter.    That judgment did not establish an in-
dividual defense in favor of the co-partner sued, because the evidence
showed that no such defense existed.    The judgment so rendered was
no bar to the present action against both co-partners, and judgment
should have been rendered against both, the partner defending not
having established an individual defense.    Judgment reversed, and
new trial ordered, costs to abide the event.    All concur.